# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11516
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 26, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDDIE ESTUARDO GALINDO-MENDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:18-CR-25-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Eddie Estuardo Galindo-Mendez appeals the sentence imposed for his bank robbery conviction under 18 U.S.C. § 2113(a). For the first time on appeal, Galindo-Mendez argues that his placement of an apparent pipe bomb during the robbery did not justify an enhancement for a dangerous weapon that was "otherwise used" under U.S.S.G. § 2B3.1(b)(2)(D).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11516

We review Galindo-Mendez's unpreserved argument under the plain error standard. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To establish plain error, Galindo-Mendez must show (1) a forfeited error (2) that is clear or obvious and (3) that affects his substantial rights. *See* Id. If he makes such a showing, we have the discretion to correct the error but only if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id*.

Section 2B3.1(b)(2) provides for a four-level increase if a "dangerous weapon was otherwise used." "'Otherwise used' . . . means that the conduct did not amount to the discharge of a firearm but was more than brandishing, displaying, or possessing a firearm or other dangerous weapon." U.S.S.G. § 1B1.1, comment. (n.1(I)); *see* § 2B3.1, comment. (n.1). In light of the location of the apparent bomb and the nature of the specific threat indicated by the note that Galindo-Mendez handed to the bank teller, he has not shown clear or obvious error in the district court's application of the enhancement under § 2B3.1(b)(2)(D). *See Puckett*, 556 U.S. at 135; *United States v. Dunigan*, 555 F.3d 501, 505-06 (5th Cir. 2009).

AFFIRMED.